IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Genuine Truth Banner, | ) | Case No.: 7:21-cv-00743-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| County of Spartanburg; J. Mark Hayes, III, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Genuine Truth Banner ("Banner" or "Plaintiff"), proceeding *pro se*, filed this Complaint alleging violations of his constitutional rights by the defendants County of Spartanburg and J. Mark Hayes, III (collectively "Defendants"). (DE 1.) Plaintiff is in the custody of the South Carolina Department of Corrections ("SCDC") and located at Kirkland Correctional Institution ("Kirkland").

Banner filed this action against County of Spartanburg and J. Mark Hayes, III ("Judge Hayes"), a state court judge, seeking immediate release from the custody of SCDC, money damages, and lost wages. (DE 1-3.) Banner contends that on January 22, 2018, Judge Hayes improperly denied a motion to suppress at a pre-trail suppression motion, which ultimately forced

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Banner to choose to enter an Alford plea, rather than be subject to what he perceived would have been an unfair criminal trial. (DE 1-3.) Further, Banner contends that his rights are being violated in his Post Conviction Relief ("PCR") appeal because he is being prevented from proceeding *pro se* in that action. (DE 1.)

On May 21, 2021, the Magistrate Judge issued the Report recommending summary dismissal of Banner's case without prejudice and without the issuance of service of process because Banner cannot cure the defects in the complaint by amendment. Specifically, Banner cannot seek release from prison via § 1983 and the named defendants are subject to dismissal based upon judicial immunity, sovereign immunity, and because the County of Spartanburg is not a person subject to suit under § 1983.

Banner filed a "Reply to Order and Report of Magistrate Judge"[2] on June 21, 2021; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2]     Although styled as a Reply, the document is more appropriately an Objection to the Report and Recommendation, and this Court reviews it as such in issuing this Order.

Upon review, the Court finds that Banner's single objection acknowledging he was not aware of a judge's immunity is non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without the issuance of service of process.

**AND IT IS SO ORDERED.**

s/Joseph Dawson III
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
September 16, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.